Memorandum. The plaintiff seeks to recover from the defendant bank the amount paid by it, plus interest, to the office of the court cashier of Frankfurt/Main, Germany, under constraint of an order of attachment and collection issued by the German court for court costs owed by the plaintiff’s assignor. Plaintiff claims that the bank was prohibited from reducing the installment payment due him by the amount it had been required to pay under the order of attachment. By the terms of its promissory note, the bank agreed to "pay * * * unconditionally, irrevocably, without our right to set-off or otherwise deduct any bank charges or any amounts for any reason whatsoever”.
On this motion for summary judgment, the intention of the parties, in the absence of the submission in evidentiary form of any parol evidence concerning their intent, is to be gleaned by the court solely from an interpretation of the written documents (Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 290; see Rentways, Inc. v O’Neill Milk & Cream Co., 308 NY 342, 349). In the instant case the Appellate Division correctly determined that the language employed cannot be interpreted to preclude payment notwithstanding a valid levy upon the debt by the service of an order of attachment upon the bank by a third party. The bank, having paid the debt owing to the third party, is discharged from its obligation to the plaintiff to the extent of the amount paid (see Harris v Balk, 198 US 215, 226-227; cf. CPLR 6204). For these *951 reasons and for other reasons stated by Mr. Justice Martuscello at the Appellate Division, except for the discussion of the question of public policy which it is not necessary to reach, the order of that court should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum.